# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSHUA CARLTON BELL,**

     **Plaintiff,**

**v.**                                                  **Case No: 8:18-cv-1072-T-35CPT**

**FEDERAL BUREAU OF
INVESTIGATION, TIME WARNER
BRIGHTHOUSE SPECTRUM,
BREVARD COUNTY SHERIFF'S
OFFICE, MELBOURNE POLICE
DEPARTMENT, PASCO COUNTY
SHERIFF'S OFFICE, CHARLOTTE
COUNTY SHERIFF'S OFFICE, ORANGE
COUNTY SHERIFF'S OFFICE, FLORIDA
DEPARTMENT OF CHILDREN AND
FAMILIES, ORANGE COUNTY SCHOOL
DISTRICT, BREVARD COUNTY
SCHOOL DISTRICT, PINELLAS
COUNTY SCHOOL DISTRICT, PASCO
COUNTY SCHOOL DISTRICT,
CHARLOTTE COUNTY SCHOOL
DISTRICT, POLK COUNTY SHERIFF'S
OFFICE, JACKSONVILLE SHERIFF'S
OFFICE, LAKELAND POLICE
DEPARTMENT, TARPON SPRINGS
POLICE DEPARTMENT, INDIALANTIC
POLICE DEPARTMENT, W.
MELBOURNE POLICE DEPARTMENT,
NEW PORT RICHEY POLICE
DEPARTMENT, PINELLAS PARK
POLICE DEPARTMENT, NORTH PORT
POLICE DEPARTMENT, TEMPLE
TERRACE POLICE DEPARTMENT,
FLORIDA HIGHWAY PATROL,
CIRCLES OF CARE INC., FLORIDA
DEPARTMENT OF LAW
ENFORCEMENT, and EASTERN
FLORIDA STATE COLLEGE,**

     **Defendants.**

_____

- 1 -

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Temporary Injunction. (Dkt. 15) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court finds that Plaintiff's Motion is substantively defective. Accordingly, Plaintiff's motion is **DENIED**.

On May 2, 2018, Plaintiff filed a complaint against twenty-six defendants including various federal, state, and local government agencies, alleging that the Defendants have been stalking and harassing Plaintiff and his two minor daughters for the past six years. (Dkt. 1) Specifically, Plaintiff, proceeding *pro se*, alleges that the Defendants have assaulted, drugged, and kidnapped the Plaintiff and his minor daughters and that the Defendants, as well as judicial assistants, clerks of courts, and university police have repeatedly engaged in "choreographed planned ambush style 'stalking and harassment." (Id. at 6–7) Plaintiff also alleges that Defendants have "conspired to steal cars." (Id. at 6) Plaintiff seeks $100,100,000 in damages, including $35,000,000 in punitive damages for emotional suffering and physical injury, stating that he has been harmed by Defendants' "use of electronics/technology that does create electrical fields/waves that are harmful to the plaintiffs' health," and that the Defendant agencies are "aware that their equipment including patrol cars possess hazardous qualities." (Id. at 7) Plaintiff alleges that he has been injured by over 6,000 encounters with defendants over the past six years, but that "[t]here are too many encounters to detail" and he "will not specify the injuries or events in the initial claim, because [his] homelessness and extreme lack of resources does not make it possible." (Id. at 4, 6) Because Plaintiff's Complaint included the full names of his minor daughters, the Court directed him to amend his complaint to remove the claims asserted on behalf of his minor daughters and refer to them only by

their initials in any future filings.  (Dkt. 6)  The Court further directed Plaintiff for file said amended complaint on or before May 22, 2018.  (Dkt. 9)  As of the date of this Order, Plaintiff has failed to amend his complaint and continues to file motions containing the full names of his minor children in violation of Fed. R. Civ. P. 5.2(a)(3).  (Dkts. 10, 15)

In the instant motion, Plaintiff moves the Court to issue a temporary restraining order without notice, "to provide witness protection/protective custody through the U.S. Marshalls to stop the false imprisonments of the plaintiffs, caused by a loss of right to free speech."  (Dkt. 15)  Plaintiff asserts that his and his minor daughters' lives are in danger, pointing to his four and a half years of "false imprisonments and falsified police reports" which he claims has resulted in the "disappearance" of his two daughters for three and a half years.  (Id. at 2)  He also states that he and his daughters are "born into and enslaved by an organized crime family and these family members, that are involved in toxic and often murderous acts have placed the plaintiffs in the middle of an international conspiracy, resulting in the slavery of the plaintiffs."  (Id. at 3)  Plaintiff further reveals in his Motion for Temporary Injunction that he is "currently falsely imprisoned in the Hillsborough County Jail."  (Id.)  He has also filed two motions to proceed *in forma pauperis.*  (Dkts. 2, 16)

To the extent that Plaintiff is challenging his current imprisonment, generally, the "abstention doctrine" bars federal intervention into an ongoing state court proceeding. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."  Younger v. Harris, 401 U.S. 37, 45 (1971). Accord Lawrence v. Miami-Dade State Attorney, 272 Fed. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except

- 3 -

in the most extraordinary circumstances.").  A review of the state court records reveals that Plaintiff was on probation for various offenses and was arrested for violating the terms and conditions of his probation.  Plaintiff presents no reason that compels interference with the state court proceedings on this matter.  Plaintiff also lists numerous ongoing state court civil actions in his Notice of Related Cases.  (Dkt 17)  "Although *Younger* concerned state criminal proceedings, its principles are 'fully applicable to noncriminal judicial proceedings when important state interests are involved.'"  31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).  "Where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims."  Id.  From what the Court can determine, Plaintiff's alleged ongoing civil cases all concern domestic relations and child custody matters.  (Dkt. 17)  "There is no doubt that matters involving domestic relations and child custody implicate important state interests."  Davis v. Self, 547 F. App'x 927, 930 (11th Cir. 2013).[1]  Further, there is no indication that Plaintiff has been procedurally barred from raising any of the instant allegations in these state court proceedings, so as to justify an exception to Younger abstention.

To the extent that Plaintiff is not challenging his current incarceration or the related state court proceedings, Plaintiff has failed to demonstrate the substantive elements required for a temporary restraining order.  To be entitled to a temporary restraining order, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits; (2) that

---

1 The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority.  See 11th Cir. R. 36-2."  United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

irreparable injury will be suffered unless the Court enters the instant relief; (3) that the threatened injury to Plaintiff outweighs the harm a temporary restraining order would inflict on the nonmoving party; and (4) that if issued, the temporary restraining order would serve the public interest.  Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995).  While pleadings of a *pro se* litigant are held to a somewhat lower standard of precision, the pleadings must, nonetheless, comport with the rules of procedure and provide some legal basis for the relief sought.  Plaintiff's Motion does not analyze the likelihood of success of Plaintiff's underlying claim, or even mention the elements necessary to prove the claim.

Moreover, Plaintiff's underlying complaint is in and of itself problematic and due to be dismissed.  In addition to improperly bringing suit on behalf of his minor daughters without counsel, as explained in the Court's previous Order, (Dkt. 6), Plaintiff's Complaint also violates the basic pleading requirements under Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); see also Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  Rule 8 does not require a Plaintiff to plead "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S at 555).  Further, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id.  "[C]onclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent

dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). Plaintiff makes conclusory assertions that he and his daughters are the victims of stalking, harassment, and kidnapping, but provides no factual information from which the Court can conclude that even one of the alleged 6,000 "encounters" gives rise to a meritorious claim.  He fails to identify the date or details of any one encounter, the name of any officer or agent involved, or provide any other details to indicate which of the numerous Defendants is responsible for each of the various alleged violations.

Plaintiff's Complaint also lacks allegations demonstrating that the Court has subject matter jurisdiction over his purported claims.  As a basis for federal jurisdiction, Plaintiff asserts violations of numerous federal statutes including 18 U.S.C. § 1983, 42 U.S.C. § 14141, 18 U.S.C. § 241, and 18 U.S.C. § 242, as well as various provisions of the U.S. Constitution.  To the extent that Plaintiff attempts to bring his claims under 42 U.S.C. §14141, which has been re-codified at 34 U.S.C. § 12601, 18 U.S.C. § 241, or 18 U.S.C. § 242, no private right of action exists under these statutes.  Chen ex rel. V.D. v. Lester, 364 F. App'x 531, 536 (11th Cir. 2010) ("Criminal statutes generally do not provide a private cause of action."); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242."); Greer v. Hillsborough Cty. Sheriff's Dep't, No. 8:04-CV2034T23MSS, 2005 WL 2416031, at *3 (M.D. Fla. Sept. 30, 2005) ("[N]o private right of action exists under 42 U.S.C. § 14141.").

As to Plaintiff's § 1983 claim, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"  Hagans v. Levine, 415 U.S. 528, 536–37 (1974) (citation omitted); see also Grady v. United States Gov't, 702 F. App'x 929, 930 (11th Cir. 2017).

- 6 -

"Even where a claim appears to arise under the Constitution or a federal statute, it may be dismissed for lack of subject-matter jurisdiction if it is (1) 'immaterial and made solely for the purpose of obtaining jurisdiction,' or (2) 'wholly insubstantial and frivolous.'" Grady, 702 F. App'x at 930 (quoting Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998)).  Here, Plaintiff's allegations include (1) "choreographed planned ambush style 'stalking and harassment" by clerks of courts, judicial assistants, university police, and the named Defendants on a regular basis, (2) Defendants' "use of electronics/technology that does create electrical fields/waves that are harmful to the plaintiffs' health," apparently attributed to the "hazardous qualities" of Defendants' patrol cars, (3) the assault, drugging, and kidnapping of Plaintiff and his daughters, and (4) a conspiracy by Defendants to "steal cars."  (Dkt. 1)  The Court finds that these allegations are so attenuated and unsubstantial as to be devoid of merit.

Thus, upon consideration of the foregoing defects, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Temporary Injunction, (Dkt. 15), is **DENIED**.  The Clerk is directed to seal, *nunc pro tunc*, Plaintiff's Motion Temporary Injunction, (Dkt. 15), and Plaintiff's Notice of Related Cases, (Dkt. 17), as they contain the full name of a minor child in violation of Federal Rule of Civil Procedure 5.2(a)(3).

2. Plaintiff's Complaint, (Dkt. 1), is **DISMISSED**.

3. All pending motions are **DENIED AS MOOT**.

4. The **CLERK** is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of June, 2018.

_____

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party